Opinion issued June 30, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01051-CR




DAVID GLEN JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 867593




MEMORANDUM OPINION
          Appellant, David Glen Johnson was charged with the capital murder of Randall
Blasdel. He pleaded not guilty. The first trial ended in a mistrial because the jury
was unable to agree on a verdict. At his second trial, the jury found appellant guilty,
and the court sentenced him to life in prison. Appellant filed a motion for new trial
and requested a hearing. The trial court denied appellant’s request for a hearing, and
appellant filed this appeal, which included a point of error asserting that the trial court
abused its discretion by denying a hearing on his motion for new trial. We sustained
this point of error, ordered the trial court to conduct a hearing on appellant’s motion
for new trial, and abated the appeal. The trial court conducted the hearing and orally
denied appellant’s motion for new trial.


 In his four remaining points of error,
appellant claims ineffective assistance of counsel. We affirm.
BACKGROUND
          Randall Blasdel was killed by a gunshot to his head at approximately 4:30 p.m.
on Sunday, January 30, 2000 in the parking lot of a motel. The State presented the
testimony of two witnesses, Juan Rodriguez and Allen Elliott, who were present at
the scene when the murder was committed. 
          Rodriguez testified that Derrick Porter contacted him on January 29, 2000
asking to buy 200 pounds of marijuana. Rodriguez testified that, after he met with
Porter to obtain proof that Porter had the money for the marijuana, they arranged to
meet to make the exchange. Rodriguez testified that, at approximately 4:00 p.m. on
Sunday, January 30, 2000, he met Porter, who was accompanied by a black man
wearing a brimmed hat, in the parking lot of a restaurant adjacent to the motel where
he had rented a room in which to make the exchange. At trial, Rodriguez identified
appellant as the black man with the brimmed hat and testified that appellant and
Porter were in a Jeep with a brown top. According to Rodriguez’s testimony, Porter
pushed him to the floor when they entered the motel room and appellant pulled out
a gun. Rodriguez stated that Porter made him disrobe down to his underwear and
that, after Porter left the motel room with his clothes and other possessions, appellant
shot him three times. Rodriguez stated that he dialed 911 after appellant fled and that
he looked out the window after he heard more gunshots and saw the Jeep, followed
by his car, leaving the parking lot. Rodriguez said he also saw a man lying on the
ground and blood on the pavement and he left the motel room to seek help.
          Elliott, the area manager for the motel, testified that, on January 30, 2000, he
was in the parking lot of the motel at 4:30 p.m. when he heard a “pop, pop, pop”
noise. He stated that, after hearing the noise, he saw a white man and a black man
walking towards each other. Elliott testified that he heard a gunshot as he was getting
into his car and looked up to see the black man run to a “Jeep type vehicle” with a
brown top and drive quickly away. Elliott stated that the black man was wearing a
brimmed hat. Elliott said that he went to check on the white man and found him lying
motionless on the ground. Elliott said he also encountered Rodriguez, who had blood
all over his body, dressed only in boxer shorts.
DISCUSSION
          Appellant, in four points of error, asserts that he was denied the effective
assistance of counsel in violation of his rights under the Sixth Amendment to the U.S.
Constitution and article I, section 10 of the Texas Constitution. Specifically,
appellant contends that his trial counsel were ineffective because they did not
investigate, interview available alibi witnesses, obtain the record from appellant’s
previous trial, or present appellant’s alibi to the jury. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). “Under Strickland, the defendant must prove, by a preponderance of
the evidence, that there is, in fact, no plausible professional reason for a specific act
or omission.” Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Our
review of appellant’s trial counsel’s performance must be highly deferential. 
Strickland, 466 U.S. at 690, 104 S. Ct. at 2065. We determine the reasonableness of
counsel’s challenged conduct in context and view it as of the time of counsel’s
conduct. Id. We are to assume a strategic motive if any can be imagined and find
counsel’s performance deficient only if the conduct was so outrageous that no
competent attorney would have engaged in it. Bone, 77 S.W.3d at 833 n.13. The
policy behind this assumption is that “[i]ntensive scrutiny of counsel and rigid
requirements for acceptable assistance could dampen the ardor and impair the
independence of defense counsel, discourage the acceptance of assigned cases, and
undermine the trust between attorney and client.” Strickland, 466 U.S. at 690, 104
S. Ct. at 2066. 
          Appellant faults his trial counsel, Joe Roach and Jeff Hale, for failing to
interview potential alibi witnesses and points to nine witnesses’ affidavits, which
were attached to his motion for new trial, as proof of the witnesses’ availability,
credibility, and willingness to testify that they had seen appellant during a Super
Bowl party at his home on the day of the murder. These affidavits were not admitted
into evidence, and, even if they could constitute proof of the witnesses’ availability
and credibility, only the affidavit of appellant’s wife places him at the Super Bowl
party at the time of the murder.


 
          Roach and Hale testified at the motion for new trial hearing. Roach testified
that, when he asked appellant for the names of the people who attended the Super
Bowl party, appellant could only provide the names of his wife and Darren Johnson. 
Roach said that he did not believe that appellant’s wife or Darren Johnson had been
able to identify for him any other attendees of the party. 
          Hale testified that he interviewed appellant’s wife, appellant, Porter, and
potential alibi witness Darren Johnson about the Super Bowl party. Hale testified that
he and appellant discussed calling some of the asserted alibi witnesses, but Hale
determined that the witnesses would not be credible and could not provide useful
testimony. 
          Roach testified that he did not call appellant’s wife to testify because her
testimony that appellant was at home between 3:00 p.m. and 5:00 p.m that Sunday
could have been easily contradicted by cell phone records placing appellant’s cell
phone in the cell grid that encompassed the site of the murder. Hale testified that he
and Roach were concerned about suborning perjury and that appellant’s wife’s
truthful testimony might have incriminated appellant because some of the cell phone
calls between 3:00 p.m. and 5:00 p.m. were made between appellant and his wife.


 
          Appellant also finds fault with his trial counsel’s strategic decision not to call
an alibi witness, Darren Johnson, who was standing by in case his testimony was
needed. Darren Johnson was the only alibi witness who testified in appellant’s first
trial, in which the jury had hung nine to three in favor of conviction, according to
appellant’s trial counsel. In the first trial, the State emphasized in argument to the
jury that appellant had produced only one alibi witness out of all the people who
allegedly attended the Super Bowl party. Contrary to appellant’s assertions in his
brief, Roach and Hale were aware of the State’s argument in the first trial and testified
that they discussed with appellant whether or not to call Darren Johnson. Roach
testified that he made the strategic decision, with appellant’s agreement, that Darren
Johnson was not a credible witness and calling him would only allow the State to
emphasize again that only one of the attendees at the Super Bowl party came forward
to give alibi testimony.
          Finally, appellant contends that Roach and Hale were ineffective because they
did not obtain the record from appellant’s first trial. However, appellant admits that
his attorneys did attempt to obtain a free transcript for him.


 Hale also stated that,
although appellant would not pay for the transcript from the first trial, appellant’s
counsel did have a transcript from the trial of Derrick Porter and full access to the
State’s files regarding both Porter and appellant.
          Appellant’s trial counsel presented sound explanations for their actions or
inactions and showed that their decisions were based on trial strategy. That other
counsel might have made different decisions does not render trial counsel’s assistance
ineffective. See Damian v. State, 881 S.W.2d 102, 110 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d). There is a strong presumption that an appellant’s trial
counsel’s conduct falls within a wide range of reasonable professional assistance and
might be considered sound trial strategy, and appellant has not demonstrated that his
counsel’s conduct was outside this range. See Bone, 77 S.W.3d at 836. 
          We overrule appellant’s four points of error.
CONCLUSION
      We affirm the judgment of the trial court. 
 
                                                   Sam Nuchia
                                                   Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).